FILED IN OPEN COURT
JACKSONVILLE, FLORIDA

3.11.2026

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

ADRIAN GREEN

CASE NO.  3:26-cr-31-WWB-MCR
18 U.S.C. § 1343
(Wire Fraud)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
### (Wire Fraud)

### A. Introduction

At all times material to this Indictment:

1.      Defendant ADRIAN GREEN was operating and conducting business in the Middle District of Florida.

2.      Defendant ADRIAN GREEN held himself out as the Executive VP of Financial Affairs & Senior Consultant and Analyst of ABN Royal Trust of Canada.

### B. Scheme and Artifice

3.      Beginning on an unknown date, but no later than in or about April 2021, and continuing through in or about May 2022, in the Middle District of Florida and Southern District of Florida, the defendant,

ADRIAN GREEN,

did knowingly, willfully, and with intent to defraud, devise and intend to devise and

participate in, a scheme and artifice, to obtain money and property from Victim 1 and Victim 2 by means of materially false and fraudulent pretenses, representations, and promises.

In violation of 18 U.S.C. § 1343.

### C. Manner and Means

4.    The manner and means by which the defendant carried out the scheme artifice to defraud included, but were not limited to the following:

a.    It was part of the scheme and artifice to defraud in the Middle District of Florida, and elsewhere, that the defendant held himself out as the Executive VP of Financial Affairs & Senior Consultant and Analyst of ABN Royal Trust of Canada.

b.    It was further part of the scheme and artifice to defraud that the defendant sent or caused to be sent an agreement to Company A, represented by Victim 1 and Victim 2.

c.    It was further part of the scheme and artifice to defraud that the agreement indicated Victim 1 and Victim 2 would deposit $150,000 in exchange for issuance of a standby letter of credit which was to be "monetized" for project funding. The standby letter of credit to be secured by the defendant, acting as ABN Royal Trust of Canada, was advertised to have a face value of $5,000,000. Upon "monetization," a net lump sum of $2,150,000 would be distributed back to Company A.

d.    It was further part of the scheme and artifice to defraud that the defendant signed and initialed the agreement described above on April 21, 2021.

2

e.    It was further part of the scheme or artifice to defraud that the defendant sent an invoice to Victim 1 requesting that payment be made in the amount of $165,000 to a bank account controlled by defendant.

f.    It was further part of the scheme and artifice to defraud that the defendant did not invest the funds as advertised by the agreement but rather transferred the money to his personal account.

g.    It was further part of the scheme and artifice to defraud that the defendant represented to Victim 1 and Victim 2 that the funds had been invested pursuant to the agreement, when, in fact, they had not.

h.    Prior to, during, and after the wire transfer on April 23, 2021, the defendant was conducting various personal expenditures in and around the Middle District of Florida, including purchasing and negotiating cashier's checks using the funds deposited by Victim 1 and Victim 2.

## D. Execution of the Scheme

5.    On or about the dates set forth below, in the Middle District of Florida and Southern District of Florida, the defendant,

ADRIAN GREEN,

knowingly and intentionally executed and attempted to execute the aforesaid scheme and artifice, transmitted and caused to be transmitted by wire in interstate commerce the following:

| COUNT | DATE | TRANSACTION |
|---|---|---|
| ONE | April 22, 2021 | Email from the defendant, ADRIAN GREEN, to Victim 1, with invoice attached. |
| TWO | April 22, 2021 | Email from Victim 1 to defendant ADRIAN GREEN with copy of contract attached. |
| THREE | April 23, 2021 | Wire Transfer of $165,000. |

All in violation of 18 U.S.C. § 1343.

## FORFEITURE

1.    The allegations contained in Counts One through Three are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.    Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.    The property to be forfeited includes, but is not limited to, the following: an order of forfeiture for at least $165,000, which represents the amount the proceeds the defendant personally obtained from the wire fraud scheme charged in Counts One through Three.

4.    If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the Court;

4

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be

divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,



GREGORY W. KEHOE,
United States Attorney

By:   _____
KELLI A. SWANEY
Assistant United States Attorney

By:   _____
MICHAEL J. COOLICAN
Assistant United States Attorney
Chief, Jacksonville Division

FORM OBD-34
1/28/26 Revised

No.

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Jacksonville Division

## THE UNITED STATES OF AMERICA

vs.

## ADRIAN GREEN

## INDICTMENT

Violations:   Cts. 1-3:      18 U.S.C. § 1343

A true bill ▮▮▮▮▮▮▮▮▮▮

Filed in open court this 11ᵗʰ day of March 2026.

_____
                                              Clerk

Bail   $_____

GPO 863 525